# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>U.S. FISH AND WILDLIFE SERVICE,<br><br>Defendant. | Civ. A. No. 19-0932 (KBJ) |

## ANSWER TO AMENDED COMPLAINT

Defendant, the United States Fish and Wildlife Service ("FWS"), by and through undersigned counsel, respectfully submits the following answer to the Center for Biological Diversity's ("Plaintiff") Amended Complaint filed on May 10, 2019.

## DEFENSES

1. Some or all of the information sought by Plaintiff is exempt from release under one or more exemptions of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b).

2. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of the litigation.

## RESPONSES TO THE NUMBERED PARAGRAPHS

Defendant denies all allegations in the Amended Complaint, including the relief sought, except when specifically admitted in this Answer. Defendant responds as follows:

# INTRODUCTION[1]

1. This paragraph contains Plaintiff's characterization of its FOIA requests and of this action to which no response is required.

2. Admit that FWS finalized a decision on August 2, 2018. FWS respectfully refers the Court to such decision for the most accurate representation of its content.

3. Deny that public notice and comment or a formal assessment was required before the decision on August 2, 2018, was issued because it was not a rule-making decision.

4. This paragraph contains Plaintiff's characterization of the effects of the decision on August 2, 2018. FWS respectfully refers the Court to such decision for the most accurate representation of its content.

5. Admit. FWS avers that as of its Statistical Data Tables for September 30, 2018, the Refuge System contains 146.4 million acres, including more than 54 million acres of submerged lands and waters in refuges. FWS also avers that the Refuge System's Mission Statement is, "The Mission of the National Wildlife Refuge System is to administer a national network of lands and waters for the conservation, management, and where appropriate, restoration of the fish, wildlife, and plant resources and their habitats within the United States for the benefit of present and future generations of Americans."

6. This paragraph contains Plaintiff's characterization of neonicotinoid pesticides to which no response is required.

7. This paragraph contains Plaintiff's characterization of GMO crops to which no response is required.

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

8. This paragraph contains Plaintiff's characterization of its FOIA requests to which no response is required. Plaintiff's two FOIA requests are documents that speaks for themselves and are the best evidence of their contents.

9. FWS is without knowledge sufficient to respond to the allegations in this paragraph. FWS avers that a response was sent to Plaintiff on or about May 16, 2019, to the FOIA request assigned tracking number FWS-2019-00121 in which FWS stated that no records were found as result of its search. However, FWS further avers it is in the process of conducting a search in response to the remaining FOIA request and records previously disclosed to Plaintiff in response to a separate request no longer at issue may in fact be responsive to the remaining FOIA request.

10. The first sentence of this paragraph contains Plaintiff's characterization of FOIA and its case to which no response is required. The remaining allegations of this paragraph contains Plaintiff's characterization of the relief sought to which no response is required.

## JURISDICTION AND VENUE

11. This paragraph contains Plaintiff's conclusions of law regarding jurisdiction to which no response is required. To the extent that a response is required, Defendant admits this Court has subject matter jurisdiction over FOIA claims subject to the terms and limitations of the FOIA.

12. This paragraph contains Plaintiff's conclusions of law regarding venue to which no response is required. To the extent that a response is required, Defendant admits venue is proper.

13-14. These paragraphs contain conclusions of law to which no response is required.

## PARTIES

15. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

17. FWS admits only that it is a federal agency subject to the FOIA.

## STATUTORY AND REGULATORY FRAMEWORK

18-29. These paragraphs contain conclusions of law to which no response is required.

## FACTUAL BACKGROUND

**A. The Service's August 2018 Decision Allowing for the Use of Neonicotinoid Pesticides and GMO Crops in National Wildlife Refuges**

30-35. These paragraphs contain Plaintiff's characterization of background information that is not relevant to the legal issues in this case, and thus no response is required.

**B. The Center's FOIA Requests**

36. This paragraph contains Plaintiff's characterization of its FOIA requests, to which no response is required. Plaintiff's three FOIA requests are documents that speaks for themselves and are the best evidence of their contents.

    **a. FWS-2018-01237 (Implementation of 2018 Refuge System Decision)**

37. This paragraph contains Plaintiff's characterization of its FOIA request to which no response is required. Plaintiff's September 17, 2018 FOIA request is a document that speaks for itself and is the best evidence of its contents.

38-39. These paragraphs contains Plaintiff's characterization of its FOIA request to which no response is required. Plaintiff's September 17, 2018 FOIA request is a document that speaks for itself and is the best evidence of its contents. These paragraphs also contain background information that is not relevant to the legal issues in this case, and thus no response is required.

40. Admit.

41. The allegations in the paragraph refer to the content of a letter that Plaintiff sent.  FWS respectfully refers the Court to the content of such letter for the most accurate representation.

42. Deny. FWS avers that it conferred with Plaintiff on May 10, 2019, the date that the amended complaint was filed, and discussed the FOIA request that is the subject of this paragraph. FWS further avers that it is in the process of conducting its search in response to this request and that records previously disclosed to Plaintiff in response to a separate request no longer at issue may in fact be responsive to the remaining FOIA request.

44.  This paragraph contains Plaintiff's conclusions of law to which no response is required.

45.   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

**b. FWS-2019-00121 (Implementation of 2018 Refuge System Decision, Region 4)**

46-48. These paragraphs contain Plaintiff's characterization of its FOIA requests and thus no response is required.  Plaintiff's November 5, 2018 FOIA request is a document that speaks for itself and is the best evidence of its contents.  FWS avers that a response was sent to Plaintiff on or about May 16, 2019, for the FOIA request assigned tracking number FWS-2019-00121.

49. Admit.

50. The allegations in the paragraph refer to the content of a letter that Plaintiff sent.  FWS respectfully refers the Court to the content of such letter for the most accurate representation.

51. Deny. FWS avers that it conferred with Plaintiff on May 10, 2019, the date that the amended complaint was filed, and discussed the FOIA request that is the subject of this paragraph. FWS admits that Plaintiff did not receive records at the time, and avers that it subsequently communicated to Plaintiff that no records were found as a result of its search.

52. Admit.

53. This paragraph contains conclusions of law to which no response is required.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

## **CLAIMS FOR RELIEF**

### **FIRST CLAIM FOR RELIEF:**
### **VIOLATION OF THE FREEDOM OF INFORMATION ACT**
### **(The Service's Failure to Make a Lawful Determination)**

55. Defendant repeats and realleges the foregoing responses as if fully set forth herein.

56-57. These paragraphs contain conclusions of law to which no response is required.

58. FWS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

59. Deny.

60. This paragraph contains conclusions of law to which no response is required.

61. Deny.

### **SECOND CLAIM FOR RELIEF:**
### **VIOLATION OF THE FREEDOM OF INFORMATION ACT**
### **(The Service's Failure to Promptly Disclose Responsive Records)**

62. Defendant repeats and realleges the foregoing responses as if fully set forth herein.

63-66. These paragraphs contain conclusions of law to which no response is required.

67. FWS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

68. Deny.

69. This paragraph contains conclusions of law to which no response is required.

70. Deny.

## THIRD CLAIM FOR RELIEF:
## VIOLATION OF THE FREEDOM OF INFORMATION ACT
### (The Service's Failure to Conduct an Adequate Search)

71. Defendant repeats and realleges the foregoing responses as if fully set forth herein.

72-73. These paragraphs contain conclusions of law to which no response is required.

74. FWS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

75. Deny.

76. This paragraph contains conclusions of law to which no response is required.

77. Deny.

## FOURTH CLAIM FOR RELIEF:
## VIOLATION OF THE FREEDOM OF INFORMATION ACT
### (The Service's Failure to Provide Reasonably Segregable Portions of Exempt Records)

78. Defendant repeats and realleges the foregoing responses as if fully set forth herein.

79-80. These paragraphs contain conclusions of law to which no response is required.

81. FWS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

82. Deny.

83. This paragraph contains conclusions of law to which no response is required.

84. Deny.

## FIFTH CLAIM FOR RELIEF:
## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
### (In the Alternative to the First through Fourth Claims)
### (The Service's Actions Unlawfully Withheld or Unreasonably Delayed)

85. Defendant repeats and realleges the foregoing responses as if fully set forth herein.

86-87. These paragraphs contains conclusions of law to which no response is required.

88. FWS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first half of this paragraph and denies the remaining allegations.

89. FWS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.   This paragraph also contains Plaintiff's conclusions of law to which no response is required.

90-91. These paragraphs contains conclusions of law to which no response is required.

## SIXTH CLAIM FOR RELIEF:
## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
### (In the Alternative to the First through Fifth Claims)
### (The Service's Arbitrary and Capricious Agency Action)

92. Defendants repeats and realleges the foregoing responses as if fully set forth herein.

93-94. These paragraphs contains conclusions of law to which no response is required.

95. FWS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first half of this paragraph and denies the remaining allegations.

96-97. These paragraphs contains conclusions of law to which no response is required.

### Prayer for Relief

The remainder of the Amended Complaint consists of Plaintiff's prayer for relief to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to any of the relief requested in this section.

Dated: May 24, 2019                           Respectfully submitted,

                                            JESSIE K. LIU, D.C. Bar # 472845
                                            United States Attorney

                                            DANIEL F. VAN HORN, D.C. Bar # 924092
                                            Chief, Civil Division

                                  By:  /s/_____
                                            MATTHEW KAHN
                                            Assistant United States Attorney

U.S. Attorney's Office for the District of Columbia
555 4th Street, NW
Washington, DC 20530
(202) 252-6718
Matthew.Kahn@usdoj.gov